| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | WESTERN DISTRICT OF WASHINGTON AT TACOMA |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTORIA FIRE & CASUALTY COMPANY, an Ohio corporation,

Plaintiff,

v.

ELIA VERGARA DE CAMILO, individually and as part of her marital community, ROMAN CAMILO, individually, and as part of his marital community, doing business as BRIGHT CLEANING, BRIGHT CLEANING, ROBERT JACKSON III, TERESA MURRAY, AND MUNCHKINLAND CHILDCARE & PRESCHOOL, INC., a Washington corporation,

Defendants.

CASE NO. 16-5745 RJB

ORDER ON VARIOUS MOTIONS

This matter comes before the Court on Plaintiff's Motion for Entry of Default against Defendant Elia Vergara De Camilo (Dkt. 26), Motion to Extend Time for Service on Defendant Roman Camilo (Dkt. 20), Motion to Allow Service by Publication (Dkt. 18), Notice of Voluntary Dismissal of Robert Jackson III pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(i) (Dkt. 24), Notice of

Voluntary Dismissal of Teresa Murray pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(i) (Dkt. 23), and Stipulation to Dismiss Munchkinland Childcare and Preschool, Inc. pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(ii) (Dkt. 25). The Court has reviewed the pleadings filed regarding the motions and the remaining file.

Filed on August 29, 2016, this commercial insurance coverage case rises from an automobile accident between Elia Vergara De Camilo and Robert Jackson III (Teresa Murray was a passenger), which resulted in bodily injury to Jackson and Murray and property damage to a nearby daycare center, Munchkinland, Childcare and Preschool, Inc. Dkt. 1. Plaintiff contends that the policy at issue does not cover the accident. *Id.* Plaintiff seeks declaratory relief. *Id.*

The relevant facts and pending motions are addressed in this order by Defendant.

**Defendant Elia Vergara De Camilo.** Plaintiff moves for entry of default against Defendant Elia Vergara De Camilo pursuant to Fed. R. Civ. P. 55(a). Dkt. 26.

Rule 55 (a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

On September 13, 2016, Plaintiff served the summons and complaint on Elia Vergara De Camilo. Dkt. 12. Over 20 days have lapsed, and this Defendant has not appeared, answered or otherwise defended this lawsuit. Pursuant to Rule 55, Plaintiff's motion (Dkt. 26) should be granted and the clerk should be directed to enter judgment against Defendant Elia Vergara De Camilo.

**Defendant Roman Camilo dba Bright Cleaning.** Plaintiff has filed to motions related to Defendant Roman Camilo dba Bright Cleaning: a Motion to Extend Time for Service (Dkt. 20) and a Motion to Allow Service by Publication (Dkt. 18).

According to Plaintiff, Defendant Roman Camilo cannot presently be located. Dkt. 19. Seven attempts have been made to serve him at various addresses with a summons and the Complaint without success. Dkt. 19, at 2; and 18-24.

Plaintiff's motion for an extension of time to serve Defendant Roman Camilo (Dkt. 20) should be granted. Plaintiff has shown good cause for a 90 extension of the deadline.

Plaintiff's motion to allow it to serve Defendant Roman Camilo by publication in the Tacoma News Tribune (Dkt. 18) should be granted. Fed. R. Civ. P. 4 (e)(1) provides that "service of an individual . . . may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located." Under Washington law,

> When the defendant cannot be found within the state, and upon the filing of an affidavit of the plaintiff, his or her agent, or attorney, with the clerk of the court, stating that he or she believes that the defendant is not a resident of the state, or cannot be found therein, and that he or she has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his or her place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his or her attorney . . .
>
> (2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his or her creditors, or to avoid the service of a summons, or keeps himself or herself concealed therein with like intent. . . .

RCW 4.28.100. Under RCW 4.28.110,

> The publication shall be made in a newspaper of general circulation in the county where the action is brought once a week for six consecutive weeks: PROVIDED, That publication of summons shall not be made until after the filing of the complaint, and the service of the summons shall be deemed complete at the expiration of the time prescribed for publication. The summons must be subscribed by the plaintiff or his or her attorney or attorneys. The summons shall contain the date of the first publication, and shall require the defendant or defendants upon whom service by publication is desired, to appear and answer the complaint within sixty days from the date of the first publication of the summons; and the summons for publication shall also contain a brief statement of the object of the action.

It appears that after a diligent effort, Plaintiff has not been able to locate Defendant Roman Camilo or determine his current address.  Plaintiff has clearly articulated facts to meet the conditions of RCW 4.28.100.  Plaintiff's motion to allow it to serve Defendant Roman Camilo by publication in the Tacoma News Tribune (Dkt. 18) should be granted.

**Defendant Bright Cleaning**.  There is no pending motion related to Bright Cleaning.  While Plaintiff has made motions regarding Roman Camilo dba Bright Cleaning, Bright Cleaning also appears to be named as an independent defendant.

**Defendants Robert Jackson III and Teresa Murray**.  Plaintiff has filed notices that it is voluntarily dismissing the claims asserted against Defendants Robert Jackson III and Teresa Murray without prejudice pursuant to Fed. R. Civ. P. 41.  Dkts. 24 and 23.  These parties should be dismissed without prejudice.

**Defendant Munchkinland Childcare and Preschool, Inc**.  Plaintiff and Defendant Munchkinland Childcare and Preschool, Inc. filed a Stipulation to Dismiss Munchkinland Childcare and Preschool, Inc. pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(ii) without prejudice.  Dkt. 25.  This Defendant should also be dismissed without prejudice.

## ORDER

It is **ORDERED** that:

- Plaintiff's Motion for Entry of Default against Defendant Elia Vergara De Camilo (Dkt. 26) **IS GRANTED**,
    - The clerk is directed to enter default against Defendant Elia Vergara De Camilo;
- Plaintiff's Motion to Extend Time for Service on Defendant Roman Camilo (Dkt. 20) **IS GRANTED**,

- o The deadline for Plaintiff to serve Defendant Roman Camilo is extended 90 days from the date of this order;
- Plaintiff's Motion to Allow Service by Publication (Dkt. 18) **IS GRANTED**;
- Pursuant to Plaintiff's Notice of Voluntary Dismissal of Robert Jackson III pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(i) (Dkt. 24) and Notice of Voluntary Dismissal of Teresa Murray pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(i) (Dkt. 23), Defendants Robert Jackson III and Teresa Murray **ARE DISMISSED WITHOUT PREJUDICE**; and
- Plaintiff and Defendant Munchkinland Childcare and Preschool, Inc.'s Stipulation to Dismiss Munchkinland Childcare and Preschool, Inc. pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(ii) (Dkt. 25) **IS GRANTED**; Defendant Munchkinland Childcare and Preschool, Inc. **IS DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of February, 2017.

ROBERT J. BRYAN
United States District Judge